IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-1501-RM-SKC

Kimberly Aubrey,

    Plaintiff,

v.

Carly Koppes, as Weld County Clerk and Recorder, and
Weld County Board of Commissioners,

    Defendants.

---

**ORDER**

---

The matter is now before the Court on Plaintiff's Motion for Review of Clerk's Award of Costs (ECF No. 112) to which Defendants have filed a response (ECF No. 113). Plaintiff filed no reply and the time for do so has long expired. Upon consideration of the Motion, and relevant parts of the court record, and the applicable law, and being otherwise fully advised, the Court finds and orders as follows.

    I.    LEGAL STANDARD

Under Fed. R. Civ. P. 54(d)(1), costs other than attorney fees are generally allowed to the prevailing party. Rule 54 creates a presumption that a district court will award costs to the prevailing party, and the court must provide a valid reason for denying such costs. *In re Williams Sec. Litig.*, 558 F.3d 1144, 1147 (10th Cir. 2009). Costs that are taxable under this rule are listed at 28 U.S.C. § 1920. While "[a] prevailing party bears the burden of establishing the

amount of costs to which it is entitled," the Court has broad discretion in awarding costs. *Id*. at 1148. Further, the Court does "not employ the benefit of hindsight in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. [It] base[s] this determination, instead, solely on the particular facts and circumstances at the time the expense was incurred." *Id.* (quotation and citation omitted).

"[T]he realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Thus, "we will not penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *In re Williams Sec. Litig.*, 558 F.3d at 1148 (quotation omitted).

## II. BACKGROUND

Plaintiff filed this action alleging disability discrimination, failure to provide reasonable accommodation, and retaliation in violation of the Americans with Disabilities Act, the Rehabilitation Act, and the Colorado Anti-Discrimination Act. The Court granted summary judgment in favor of Defendants and, after holding a hearing, the Clerk awarded costs in the amount of $7,952.01.

Plaintiff's challenges to the award of costs are as follows. First, Plaintiff contends the Clerk made a calculation error as the costs awarded should total $7,935.21 rather than $7,952.01, a difference of $16.80.[1] Next, Plaintiff argues the following costs should not have been awarded

---

[1] Plaintiff asserts it is $16.81, but the difference is – mathematically – $16.80.

(1) the costs of deposition transcripts of Defendants' own employees (Santos, Vaughn, Koppes, and Russell) and of Plaintiff's aunt, Claudine Goodwine; (2) the costs of a video-taped deposition of Dr. Swayne; and (3) the costs of a hearing transcript of an internal appeal of Plaintiff's termination. Finally, Plaintiff argues the Clerk awarded costs of paying for the same document three times.

## III. ANALYSIS

### A. Math Error

The Clerk awarded $7,952.01 in costs but Plaintiff asserts the total costs were actually $7,935.21, a difference of $16.80. Defendants do not challenge Plaintiff's calculations and the Court's review shows Plaintiff is correct. On this basis, the award shall be reduced by $16.80.

### B. Transcripts

The costs statute allows the Clerk or Court to tax costs for transcripts "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), "at the time they were incurred." *In re Williams Sec. Litig.*, 558 F.3d at 1149 (citation omitted). The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court, or produced "solely for discovery." *Id.* at 1147-48 (quotation marks and citations omitted). However, materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." *Id.* at 1148 (quotation marks and citations omitted). Plaintiff does not challenge the reasonableness of the amount of the transcripts but, rather, whether they were necessary at all.

*Transcripts of Defendants' Employees' Depositions.*

Plaintiff argues she deposed Defendants' employees in order to prepare for trial but it was not necessary for Defendants to have ordered transcripts as they were free to speak to their own employees. Defendants argue to the contrary, to which the Court agrees.

As evident by Plaintiff's taking of these depositions, she believed they were reasonable and necessary at the time they were taken and "it would be inequitable to impose on [Defendants] the cost of depositions that Plaintiff…believed were reasonably necessary at the time they were taken." *Diebold Enterprises Sec. Sys., Inc. v. Low Voltage Wiring, Ltd.*, No. 13-CV-00505-REB-KLM, 2014 WL 1874850, at *4 (D. Colo. May 9, 2014) (citation, quotation marks, and brackets omitted). Moreover, Plaintiff listed these deponents as "will call" witnesses in the Final Pretrial Order (ECF No. 91 at pp. 15-17) further supporting Defendants position that the transcripts were necessarily obtained for use in the case, i.e., examination at trial. *See Callicrate*, 139 F.3d at 1340 ("caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial"). That the use of such transcripts were ultimately not required because Defendants prevailed on their motion for summary judgment is of no moment. *Id*.

*Transcript of Plaintiff's Aunt's Deposition*. Plaintiff asserts Defendants took the deposition of Claudine Goodwine, Plaintiff's aunt, solely for discovery purposes as it was not used by either party in the summary judgment briefing. But, that is not the standard. Further, Defendants represent[2] that, during the course of litigation, Plaintiff failed to confirm whether Ms. Goodwine would be called as a witness due to her age. Plaintiff's unresponsiveness necessitated

---

[2] Plaintiff does not dispute Defendants' representations, despite an opportunity to do so.

4

Ms. Goodwine's deposition, who was ultimately listed as a "will call" witness for trial. (ECF No. 91, p. 16 at ¶ 5.) On this record, the Court finds the transcript was "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), "at the time they were incurred." *In re Williams Sec. Litig.*, 558 F.3d at 1149 (citation omitted).

*Video-taped Deposition of Dr. Swayne.* Plaintiff's argument here is the same as that raised as to Ms. Goodwine and also rejected. At the time of Dr. Swayne's deposition, she was located in the State of Georgia and thus more than 100 miles away from the site of the trial. *See* Fed. R. Civ. P. 45(c) (100 mile reach of trial subpoena). And, in the event Dr. Swayne could not appear live at trial, Defendants anticipated she may appear via her deposition. (ECF No. 91, p. 24.) Thus, the Court finds this expense was also reasonable and necessarily obtained for use in the case.

*Hearing Transcript.* Plaintiff's argument here is also repetitive of her arguments above and, again, they are rejected for the same reasons. Again, the fact the transcript was not used in the summary judgment briefing is not controlling and Plaintiff's one sentence argument against the award of this cost is unavailing. As Defendants argue, the transcript of a prior hearing could have been used for impeachment at trial. The fact that Defendant prevailed on summary judgment does not render this cost now not necessary for use in the case at the time it was incurred.

**C. Duplicative Costs.**

Plaintiff contends the Clerk awarded costs three times for the same document. Defendants respond there were three separate providers, so there were three charges for three different sets of

records. The Court's review of the bills confirms Defendants' position (ECF No. 111, pp. 30, 31, 34); Plaintiff has not shown otherwise.

### IV. CONCLUSION

In summary, Plaintiff's Motion is denied except for the argument based on the $18.60 calculation error. It is therefore **ORDERED**

(1) That Plaintiff's Motion for Review (ECF No. 112) is **GRANTED IN PART** and **DENIED IN PART**; and

(2) That the Clerk's award shall be reduced by **$16.80** but affirmed in all other respects. Thus, the total award is **$7,935.21**.

DATED this 18th day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge